**ZHI ZHAO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**No. 09–1392.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Sept. 14, 2009.

Opinion filed Nov. 6, 2009.

---

Zhi Zhao, Brooklyn, NY, pro se.

Paul Fiorino, Esq., Thomas W. Hussey, Esq., Michael B. Mukasey, United States Department of Justice, Office of Immigration Litigation, Ben Franklin Station, Washington, DC, for Attorney General of the United States.

Before: RENDELL, FUENTES and ALDISERT, Circuit Judges.

## OPINION

PER CURIAM.

Zhi Zhao petitions for review of a order of the Board of Immigration Appeals (BIA). For the reasons below, we will grant the petition for review and remand the matter to the BIA.

In August 2002, Zhao was charged with removability as an arriving alien without entry documents. She conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The Immigration Judge (IJ) made an adverse credibility finding and denied relief. He also found that Zhao had filed a frivolous appli-

cation.[1] In March 2006, the BIA affirmed the IJ's decision without an opinion. Zhao did not petition for review of the BIA's order.

In October 2008, Zhao filed a motion to reopen alleging changed country conditions in China. She argued that she would be sterilized if removed to China because she had given birth to a child in the United States and was pregnant with a second child. The BIA determined that Zhao had not shown changed country conditions and denied the motion to reopen as untimely. Zhao filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir.2006). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir.2002). An alien generally may file only one motion to reopen, and must file the motion with the BIA "no later than 90 days after the date on which the final administrative decision was rendered." 8 C.F.R. § 1003.2(c)(2). There is an exception to the time and number requirements for motions that rely on evidence of changed circumstances arising in the country of nationality. 8 C.F.R. § 1003.2(c)(3).

Zhao argues that the BIA failed to consider all of the evidence she submitted. We agree. In *Zheng v. Att'y Gen.*, 549 F.3d 260 (3d Cir.2008), the petitioners sought to reopen their removal proceedings on the same grounds as Zhao. We vacated the BIA's denials of the motions to

---

1. The government contends that even if the BIA abused its discretion in denying the motion to reopen, remand would be futile because the IJ found that Zhao had filed a frivolous application and this finding rendered her permanently ineligible for benefits. 8 U.S.C. § 1158(d)(6). However, the BIA did not rely on the frivolousness finding in deny-

ing Zhao's motion to reopen. *Dia v. Ashcroft*, 353 F.3d 228, 256 n. 25 (3d Cir.2003) (noting that under the doctrine of *SEC v. Chenery Corp.*, 318 U.S. 80, 95, 63 S.Ct. 454, 87 L.Ed. 626 (1943), an administrative order can be upheld only on the grounds relied on by the agency).

reopen because the BIA failed to discuss the evidence submitted by the petitioners or explain why it was not sufficient. *Id.* at 268–69, 271. Here, the BIA listed the evidence submitted by Zhao and noted that the identity documents did not contain authenticating information. After stating that the birth of Zhao's first child and her pregnancy were changes in her personal circumstances, the BIA simply concluded: "[t]he evidence, including the evidence of conditions in China, is insufficient to establish a change in circumstances or country conditions 'arising in the country of nationality' so as to create an exception to the time and number limitation for filing a late motion to reopen to apply for asylum." C.A.R. at 3. While the BIA noted that under *Zheng* it must adequately consider the evidence submitted, it failed to do so.

The BIA also cited to *In re S–Y–G–*, 24 I. & N. Dec. 247 (BIA 2007), and *Matter of C–C–*, 23 I. & N. Dec. 899 (BIA 2006). In *S–Y–G–*, the alien submitted a 2003 Changle City Administrative Opinion and a 2003 Fujian Province Administrative Opinion responding to an inquiry as to the application of the family planning guidelines to an unrelated alien, Zheng Yu He. The record also included the Changle City Q & A Handbook. The BIA determined that the petitioner had not shown changed country conditions and denied the motion to reopen. In *Matter of C–C–*, the BIA found that the 2004 and 2005 State Department Country reports were more persuasive than an affidavit from a retired demographer, Dr. John Aird, in determining that an alien with U.S.-born children had not shown a *prima facie* showing that she might suffer sterilization if returned to China.

We observed in *Zheng* that "where the evidentiary record contains documents that were not at issue in an earlier decision, mere reference to that earlier decision is insufficient to warrant adopting its

conclusions." *Zheng*, 549 F.3d at 271 n. 7. Here, Zhao submitted documents that were not at issue in *S–Y–G–* or *Matter of C–C–*. She submitted, *inter alia*, Shangyang Village family planning regulations, letters from family members and friends who were forcibly aborted or sterilized in China, the 2007 Country Report on Human Rights Practices, congressional testimony, and notices from town and village birth control offices directed to her. The BIA did not explain how this evidence was insufficient to support reopening.

In its brief, the government relies heavily on the BIA's decision in *Matter of J–W–S–*, 24 I. & N. Dec. 185 (BIA 2007), for the proposition that children born overseas are not counted by the Chinese government for family planning purposes. However, in Zhao's case, the BIA did not cite to *J–W–S–* even though it was available at the time of the BIA's decision.

The government also relies on the prior adverse credibility finding. While the BIA noted that the prior adverse credibility determination should be considered, it did not explicitly reject any specific evidence based on the adverse credibility finding. The government also argues that the notices Zhao allegedly received which demand that she report for IUD insertion and sterilization were unauthenticated. However, while the BIA pointed out that the identity documents and birth certificates were unauthenticated, it made no similar observation with respect to the notices Zhao received; it stated only that she submitted the notices.

Because the BIA failed to adequately explain its reasoning for rejecting Zhao's evidence and denying her motion to reopen, we will grant the petition for review, vacate the BIA's order, and remand the matter to the BIA for it to reconsider the motion and provide a more complete analy-

sis of the evidence submitted. *See Zheng,* 549 F.3d at 272.

The government's motion to dismiss is denied.